Dear Mr. Free:
On behalf of the West Baton Rouge Parish Police Jury, you have requested the opinion of this office regarding whether a non-profit, privately held and operated drug rehabilitation center, located within the Parish, can be funded from general fund revenues collected by the Parish. Specifically, you ask whether the Constitution would prohibit the funding of the center by the Parish, and whether parish governing authorities have a duty or obligation to fund such programs.
According to your letter, the purpose of the center is to educate and rehabilitate drug and alcohol abusers who live within West Baton Rouge Parish. You further advise that if funded, the center would treat and educate indigents for free, but that "non-indigents" would be required to pay a fee, on a sliding scale basis, for such services.
La. Const. (1974) Art. VII, Sec. 14 provides, in pertinent part:
 "(A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or any political subdivision shall not be loaned, pledged or donated to or for any person, association, or corporation, public or private. . . .
 "(B) Authorized Uses. Nothing in this Section shall prevent (1) the use of public funds for programs of social welfare for the aid and support of the needy. . . .
 "(C) Cooperative Endeavors. For a public purpose, the state and its political subdivisions or political corporations may engage in cooperative endeavors with each other, with the United States or its agencies, or with any public or private association, corporation, or individual."
The Supreme Court has interpreted Art. VII, Sec. 14 to be violated whenever the State or a political subdivision seeks to give up something of value when it is under no obligation to do so. City of Port Allen v. Louisiana Municipal Risk Management Agency, 439 So.2d 399 (La. 1983). However, in Guste v. Nicholls College Foundation, 564 So.2d 682 (La. 1990), a transfer of funds by the Nicholls State University Alumni Federation to the Nicholls College Foundation was held to be given and accepted "under the authority of the constitution and laws of this state" as the funds were "transferred in the discharge of the Federation's constitutional or statutory duties" and were accepted by the Foundation, assumedly a non-public body (a nonprofit corporation) with a commitment to assist the Federation in carrying out its constitutional and legal duties in public education".
R.S. 33:1236 sets forth powers and duties of parish governing authorities, and provides, in pertinent part:
 "The police juries and other parish governing authorities shall have the following powers:
* * * *
 (11) To provide for the support of the poor and necessitous within their respective parishes by taxation or otherwise; the powers granted under this Paragraph (11) shall include, but not be limited to the following powers:
 A. For the assistance of the unskilled poor; low-income persons; disadvantaged persons; unemployed persons; students from low-income families; the chronically unemployed poor; geographic areas having large concentrations or proportions of such persons; and rural areas having substantial migration to urban areas, appropriately focused to assure that work and training opportunities are extended to the most severely disadvantaged persons who can reasonably be expected to profit from the opportunities presented, and which are supported by specific commitments of cooperation from private and public employers; by all appropriate programs, activities, means or methods including, but not limited to the following:
* * * *
 (e) Specialized and comprehensive neighborhood health services programs, including alcoholism programs; and including operation of health services physical facilities.
This provision clearly provides authority for parish governing authorities to fund health service programs for the "poor and necessitous" of their respective parishes. We note that the provision specifically refers to alcoholism programs, and in our opinion, the provision would encompass programs for the drug rehabilitation as well. We also note that in conformity with Art. VII, Sec. 14 of the constitution, R.S.33:1236 only authorizes parish governing authorities to engage in such programs on behalf of the needy.
Based upon our understanding of La. Const. (1974) Art. VII, Sec. 14, as interpreted by the Supreme Court, and R.S.33:1236(11), it is the opinion of this office that the West Baton Rouge Parish Police Jury can expend parish general funds for the purpose of rehabilitating indigent alcohol and drug abusers within the Parish. The Police Jury can do so by establishing its own program for the treatment of the Parish's indigent substance abusers. The Police Jury could also pursue those goals by entering into a cooperative endeavor with a non-profit corporation dedicated to the rehabilitation of substance abusers, as long as Parish funds are to be expended only for the treatment of indigents, and as long as those individuals assisted with Parish funds are screened, pursuant to objective criteria, to insure that they are truly needy. Of course, an outright donation or contribution of Parish funds to the non-profit corporation would be constitutionally prohibited.
Trusting this adequately responds to your request, I am,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JEANNE-MARIE ZERINGUE Assistant Attorney General
RPI:JMZ:jav 245n